**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 Reorganization |
| THE 800 BUILDING, LLC,[1] | Case No. 15-17314 |
| Debtor. | Hon. Jacqueline P. Cox |

**ORDER (A) APPROVING PURCHASE AND SALE AGREEMENT FOR THE SALE OF THE DEBTOR'S REAL PROPERTY COMMONLY KNOWN AS THE 800 BUILDING, LOCATED IN LOUISVILLE, KENTUCKY; (B) AUTHORIZING THE SALE OF THE 800 BUILDING FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES; AND (D) GRANTED RELATED RELIEF**

Upon the motion (the "*Motion*")[2] of The 800 Building, LLC, as debtor and debtor in possession (the "*Debtor*") for, among other things, entry of (a) an order (as subsequently entered by the Court on May 21, 2015 as Docket No. 11, the "*Bidding Procedures Order*") (i) approving 800 City Apartments LLC as the stalking-horse bidder (the "*Stalking-Horse Bidder*") for the Debtor's apartment building and related assets located at 800 South 4th Street, Louisville, Kentucky, the legal description for which is attached hereto as **Exhibit 1** ("*The 800 Building*" or the "*Property*"), as more particularly defined in and pursuant to the proposed Purchase and Sale Agreement, as amended, attached to the Motion as Exhibit A (the "*Stalking-Horse Purchase Agreement*") and authorizing the Debtor to pay the Stalking-Horse Bidder a break-up fee of

---

[1] Pursuant to 11 U.S.C. § 342(c)(1), the last four digits of the Debtor's federal tax identification number are: 2596. The location of the Debtor's place of business is 800 South 4th Street, Louisville, Kentucky 40202, and its address for notice purposes is 1016 West Hollywood Avenue, Chicago, Illinois 60660, Attn: Leon Petcov, Manager.

[2] *Motion for Entry of: (I) an Order (A) Approving 800 City Apartments LLC as the Stalking-Horse Bidder in Connection with the Sale of the Debtor's Apartment Building and Related Assets; (B) Approving Bidding Procedures and Bid Protections; (C) Scheduling an Auction and a Sale Hearing; (D) Approving the Form and Manner of Notice Thereof, (E) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (F) Granting Related Relief; and (II) After Further Notice and a Hearing, an Order (A) Approving a Purchase and Sale Agreement; (B) Authorizing the Sale of The 800 Building Free and Clear of All Liens, Claims, Encumbrances, and Interests; (C) Authorizing the Assumption and Assignment of Contracts and Leases; and (D) Granting Related Relief*

$618,000 (the "**Break-Up Fee**") and reimbursement of out-of-pocket costs of up to $50,000 (the "**Expense Reimbursement**" and, together with the Break-Up Fee, the "**Stalking-Horse Protections**") if a competing bidder is approved by this Court as the Successful Bidder (as defined below), (ii) approving the bidding procedures and bid protections attached to the Bidding Procedures Order as Exhibit 1 (the "**Bidding Procedures**"), (iii) scheduling an auction of The 800 Building (the "**Auction**") and a hearing (the "**Sale Hearing**") to approve the results of Auction and the sale of The 800 Building free and clear of all liens, claims, encumbrances, and interests (the "**Sale**"), (iv) approving the form and manner of notice of the Auction and the Sale attached to the Motion as Exhibit C (the "**Sale Notice**"), (v) approving procedures for the assumption and assignment of executory contracts and unexpired leases (the "**Contracts**"), and (vi) granting related relief; and (b) at the conclusion of the Sale Hearing, an order substantially in the form attached to the Motion as Exhibit D (the "**Sale Order**") (i) approving a purchase and sale agreement for the Sale, (ii) approving the results of the Auction and authorizing the Sale of The 800 Building to the Successful Bidder, (iii) authorizing the assumption and assignment of the Contracts, and (iv) granting related relief; the Court having conducted a preliminary hearing on the Motion and thereafter entered the Bidding Procedures Order [Docket No. 11] at an initial hearing on the Sale Motion conducted on May 21, 2015 (the "**Initial Hearing**"); the Court having conducted the Sale Hearing on June 9, 2015, at which the Debtor requested that the Court enter this Sale Order approving the Purchase and Sale Agreement attached hereto as **Exhibit 2** (the "**Agreement**") and designating 800 City Apartments, LLC as the purchaser of The 800 Building (the "**Purchaser**"); now, therefore:

**IT IS HEREBY FOUND AND DETERMINED THAT:**

### RECORD BEFORE THE COURT ON THE SALE MOTION

A.    The Debtor and the Purchaser have filed and submitted the following documents in support of the Sale Motion and have moved for their admission into the record, without objection thereto being interposed.  Accordingly, the following are hereby admitted into the record before the Court:

(a)    the declaration of Leon Petcov, the Debtor's managing member, attached to the Motion as **Exhibit E** [Docket No. 3];

(b)    the declaration of George Tikijian, Senior Managing Director of Tikijian Associates, the Debtor's real estate broker, attached to the Motion as **Exhibit F** [Docket No. 3];

(c)    the supplemental declaration of George Tikijian in support of the Motion [Docket No. 33];

(d)    the declaration of Jason Koehn, Chief Investment Officer of Village Green Development Holdings, LLC [Docket No. 26];

(e)    *Certificate of Service with Respect to (a) Sale Notice, (b) Bidding Procedures Order, and (c) Bidding Procedures* [Docket No. 31];

(f)    the *Notice of Motion* and *Certificate of Service* affixed to the Motion [Docket No. 3]; and

(g)    the *Certification of Cancellation of Auction* and transcript attached thereto [Docket No. 34].

The following findings of the Court are based upon the Court's review of the Sale Motion, the representations made by counsel for the parties in open Court at the Initial Hearing and the Sale Hearing, and the record established by the forgoing documents.

### JURISDICTION, FINAL ORDER AND STATUTORY PREDICATES

B.    This Court has jurisdiction over the Motion, the transactions contemplated by the Agreement and all other ancillary documents and agreements related thereto pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a).  This matter is a core proceeding pursuant to 28 U.S.C. §§

AM 50316023.6

157(b)(2)(A), (N) and (O).  Venue of these cases and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.    This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, and expressly directs entry of judgment as set forth herein.

D.    The statutory predicates for the relief sought in the Sale Motion are Sections 105(a), 363(b), (f) and (m) and 365(a), (b) and (f) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006.

<u>**SOUND BUSINESS PURPOSE**</u>

E.    The Debtor seeks to convey the Property to Purchaser by means of the Sale.

F.    The Debtor has demonstrated, and the Agreement reflects, both (1) good, sufficient, and sound business purposes and justifications for the Sale, and (2) compelling circumstances for the Sale outside of the ordinary course of the Debtor's business pursuant to Section 363(b) of the Bankruptcy Code prior to, and outside of, a plan of reorganization inasmuch as the value to be obtained as a result of the Sale will result in satisfaction of Debtor's secured indebtedness and close prior to a $500,000 increase in that secured indebtedness which will occur on June 15, 2015 if the debt is not paid by that date, thereby enhancing the ability of the Debtor to satisfy its remaining indebtedness.   Accordingly, time is of the essence in consummating the Sale.

G.    The consummation of the Sale pursuant to the Agreement neither impermissibly restructures the rights of the Debtor's creditors nor impermissibly dictates the terms of a plan of

AM 50316023.6

reorganization of the Debtor. The Sale does not constitute a *sub rosa* or *de facto* plan of reorganization.

H.    The Agreement was not entered into, and neither the Debtor nor the Purchaser have entered into the Agreement or propose to consummate the Sale, for the purpose of hindering, delaying or defrauding the Debtor's creditors. Neither the Debtor nor the Purchaser has entered into the Agreement or propose consummate the Sale fraudulently for the purpose of statutory or common law fraudulent conveyance or fraudulent transfer claims, whether under the Bankruptcy Code or under the laws of the United States, any state, territory or possession thereof, or the District of Columbia or any other applicable jurisdiction with laws substantially similar to the foregoing.

### HIGHEST AND BEST OFFER

I.    On May 21, 2015, this Court entered the Bidding Procedures Order approving the Bidding Procedures for the Property. The Bidding Procedures provided a full, fair and reasonable opportunity for any entity to make an offer to purchase the Property. The Debtor and the Purchaser complied with the Bidding Procedures Order in all respects.

J.    As demonstrated by the testimony and other evidence proffered or adduced at the Sale Hearing, (1) the Debtor has actively and adequately marketed the Property for sale both prepetition and postpetition; (2) the purchase price contained in the Agreement constitutes the highest and otherwise best offer for the Property and provides fair and reasonable consideration for the Property; (3) the Sale under Section 363 of the Bankruptcy Code is desirable and preferable to a sale under a plan of reorganization because, among other reasons, there is no assurance that the Purchaser would be able or willing to await the outcome of a plan confirmation process and hearing; (4) no other party has offered to purchase the Property for

AM 50316023.6

greater economic value to the Debtor or its estate; and (5) the Agreement and the consideration

to be paid by the Purchaser under the Agreement constitute reasonably equivalent value and fair

consideration. The Debtor's determination that the Agreement constitutes the highest and best

offer for the Property constitutes a valid and sound exercise of the Debtor's business judgment.

### BEST INTERESTS OF CREDITORS

K.      Approval of the Agreement and the consummation of the Sale to the Purchaser at

this time are in the best interests of the Debtor, its creditors, its estate and other parties in interest

in this chapter 11 case.

### GOOD FAITH

L.      The Purchaser is not an "insider" of the Debtor, as that term is defined by Section

101(31) of the Bankruptcy Code.

M.      The Agreement and each of the transactions contemplated therein were

negotiated, proposed and entered into by the Debtor and the Purchaser in good faith, without

collusion and from arm's-length bargaining positions. The Purchaser has proceeded in good

faith in all respects in connection with this bankruptcy case, is a "good faith purchaser" within

the meaning of Section 363(m) of the Bankruptcy Code and, as such, is entitled to all the

protections afforded thereby. Neither the Debtor nor the Purchaser have engaged in any conduct

that would cause or permit the Agreement to be avoided; that would tend to hinder or delay

creditors; or impose costs and damages under Section 363(n) of the Bankruptcy Code.

### NOTICE OF THE SALE MOTION, THE AUCTION AND THE CURE COSTS

N.      As evidenced by the certificates of service filed with the Court, (1) proper, timely,

adequate and sufficient notice of the Sale Motion, the Sale Hearing and the Assumption Notices

has been provided by the Debtor; (2) such notice was good, sufficient and appropriate under the

particular circumstances; and (3) no other or further notice of the Sale Motion, the proposed

6

Sale, the Bidding Procedures, the Assumption Notices or the Sale Hearing is necessary or shall

be required.  A reasonable opportunity to object or be heard with respect to the Sale Motion and

the relief requested therein has been afforded to all interested persons and entities, including, but

not limited to:

     (a)     counsel to Republic Bank, International Bank, and the Debtor's prepetition lenders;

     (b)     counsel to Fine Homes LLC, which filed a Notice of Lis Pendens against The 800 Building based on a civil action filed against the Debtor in the Circuit Court of Jefferson County, Kentucky, captioned *Fine Homes LLC v. The 800 Building LLC*, Case No. 15CI02042;

     (c)     any party who, in the past year, expressed in writing to the Debtor an interest in the Property;

     (d)     non-debtor parties to the Assumed Contracts;

     (e)     all parties who are known or reasonably believed to have asserted a lien, encumbrance, claim or other interest in the Property;

     (f)     the Internal Revenue Service;

     (g)     the Kentucky Attorney General and the Kentucky Department of Environmental Protection;

     (h)     all applicable state and local taxing authorities;

     (i)     the Office of the United States Trustee for the Northern District of Illinois;

     (j)     the Environmental Protection Agency;

     (k)     the United States Attorney;

     (l)     all attorneys who have filed notices of appearance in this chapter 11 case;

     (m)     all entities that have requested notice in this chapter 11 case; and

     (n)     all other parties identified on the creditor matrix in these cases.

     O.     In accordance with the provisions of the Bidding Procedures Order, the Debtor

has served Assumption Notices upon each non-debtor counterparty to the Assumed Contracts.

The service of such notice was good, sufficient and appropriate under the circumstances and no

further notice need be given with respect to the Cure Costs for the Assumed Contracts and the assumption and assignment of the Assumed Contracts. All non-debtor parties to the Assumed Contracts have an opportunity to object to both the Cure Costs listed in the Assumption Sale Notice and the assumption and assignment of the Assumed Contracts (including objections related to adequate assurance of future performance and objections based on whether applicable law excuses the non-debtor counterparty to each Assumed Contract from accepting performance by, or rendering performance to, the Purchaser for purposes of Section 365(c)(1) of the Bankruptcy Code).

## SECTION 363(F) REQUIREMENTS MET FOR FREE AND CLEAR SALES

P.    The Debtor may sell the Property free and clear of all liens, claims, interests and Encumbrances (as defined below) of any kind or nature whatsoever (except for Permitted Exceptions), because, in each case, one or more of the standards set forth in Sections 363(f)(1)-(5) of the Bankruptcy Code have been satisfied. "*Encumbrance*" and "*Encumbrances*" mean: (1) any claim (as that term is defined in Section 101(5) of the Bankruptcy Code), any interest, a notice of *lis pendens*, any cause of action, community property interest, condition, equitable interest, lien (statutory or otherwise), license, option, mortgage, pledge, encumbrance, security interest, restriction under any applicable bulk sales law, right of first refusal or restriction of any kind, including any restriction on use, voting, transfer, receipt of income or exercise of any other attribute of ownership, and including tax, charges of any kind (including, without limitation, any conditional sale or other title retention agreement or lease in the nature thereof), any sale of receivables with recourse against Seller, any filing or agreement to file a financing statement as debtor under the Uniform Commercial Code or any similar statute (other than the Permitted Exceptions); and also including (2) any easement, covenant, right of way, or similar restrictions,

8

other than easements and rights of way recorded with the Jefferson County, Kentucky Register of Deeds, which are in force and effect, or shown on the Title Policy (as defined in the Agreement) or any exceptions to title shown in the Title Update (as defined in the Agreement) to which Purchaser does not object in accordance with the Agreement; and also including, (3) all of the Debtor's loan and financing agreements (and related mortgages and other security interests, and related and ancillary agreements) with Republic Bank, International Bank and any other secured lender respectively, and any and all claims, duties, liabilities, obligations, rights, and requirements arising under and relating to those loan and financing agreements (and related mortgages and other security interests, and related and ancillary agreements).

     Q.      The assumption and assignment of each of the Assumed Contracts is also free and clear of all Encumbrances other than the payment of Cure Costs or as provided in this Sale Order. Those holders of Encumbrances who did not object, or who withdrew their objections, to the Sale or the Sale Motion are deemed to have consented pursuant to Section 363(f)(2) of the Bankruptcy Code.

     R.      Each of Republic Bank and International Bank will receive payment in full from the proceeds of the Sale and have consented to the sale under Section 363(f)(2) of the Bankruptcy Code.

     S.      The Debtor is the sole and lawful owner of the Property and no other person has any ownership right, title or interest therein.

     T.      All holders of Encumbrances are adequately protected, and the Sale thus satisfies Section 363(e) of the Bankruptcy Code, by having their Encumbrances, if any, attach to the proceeds of the Sale ultimately attributable to the property against which they have an Encumbrances, in the same order of priority and with the same validity, force and effect that

such Encumbrances had prior to the Sale, subject to any rights, claims and defenses of the Debtor.

U.    The Purchaser would not have entered into the Agreement and would not consummate the transactions contemplated thereby, thus adversely affecting the Debtor, its estate and its creditors, if the sale of the Property were not free and clear of all Encumbrances other than the Permitted Exceptions, or if the Purchaser would, or in the future could, be liable for any such Encumbrances.

V.    Except for the Assumed Liabilities or as provided in this Sale Order, the Sale shall not impose or result in the imposition of any liability or responsibility of the Purchaser or its affiliates, successors or assigns or any of their assets (including the Property), and the transfer of the Property to the Purchaser does not and will not subject the Purchaser or its affiliates, successors or assigns or any of their assets (including the Property), to any liability for any Encumbrances including, without limitation, successor liability or any products liability.

<u>**ASSUMPTION AND ASSIGNMENT OF THE ASSUMED CONTRACTS**</u>

W.    The assumption and assignment of the Assumed Contracts are integral to the Agreement, are in the best interests of the Debtor and its estate, and represent the reasonable exercise of the Debtor's sound business judgment.

X.    With respect to the assumption and assignment of each of the Assumed Contracts, absent a sustained objection from a counter-party to an Assumed Contract interposed in accordance with the procedures set forth below, the Debtor has met all requirements of Section 365(b) of the Bankruptcy Code.  Further, the Purchaser has provided all necessary adequate assurance of future performance under the Assumed Contracts in satisfaction of Sections 365(b) and 365(f) of the Bankruptcy Code.  Accordingly, absent a sustained objection from a counter-

10

party to an Assumed Contract interposed in accordance with the procedures set forth below, the

Assumed Contracts can be assumed by the Debtor and assigned to the Purchaser, as provided for

in the Bidding Procedures Order, the Assumption Notices, the Sale Motion and the Agreement.

### VALIDITY OF THE TRANSFER

Y.    No contract counterparty for any of the Assumed Contracts shall have any claim

against Purchase arising from or related to the Assumed Contract, existing as of the Closing,

whether known or unknown.

Z.    As of the closing of the Sale (the "*Closing*"), the transfer of the Property to the

Purchaser will be a full and final legal, valid, and effective transfer of the Property, and will vest

the Purchaser with all right, title and interest in and to the Property, free and clear of (1) all

Encumbrances other than the Permitted Exceptions, and (2) all debts arising under or out of, in

connection with, or in any way relating to, any acts of the Debtor, claims (as that term is defined

in Section 101(5) of the Bankruptcy Code), rights or causes of action (whether in law or in

equity, including, but not limited to, any rights or causes of action based on theories of transferee

or successor liability under any law, statute, rule or regulation of the United States or any state),

obligations, demands, guaranties, rights, contractual commitments, restrictions, interests and

matters of any kind or nature whatsoever, whether arising prior to or subsequent to the

commencement of these cases, and whether imposed by agreement, understanding, law, equity or

otherwise.

AA.    The Debtor (1) has full corporate power and authority to execute the Agreement

and all other documents contemplated thereby, and the Sale has been duly and validly authorized

by all necessary corporate action of the Debtor, (2) has all of the corporate power and authority

necessary to consummate the transactions contemplated by the Agreement, (3) has taken all

AM 50316023.6

actions necessary to authorize and approve the Agreement and the consummation by the Debtor

of the transactions contemplated thereby, and (4) no consents or approvals, other than those

expressly provided for in the Agreement, are required for the Debtor to consummate such

transactions.

BB.    The relief requested in the Sale Motion is in the best interests of the Debtor in this

Chapter 11 case, its estate and creditors and all other parties in interest.

Upon the complete record of the Sale Hearing and this Chapter 11 case, and after due

deliberation and good cause appearing therefore.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED
THAT:**

### GENERAL PROVISIONS

1.    The Sale Motion is granted in full and the Sale is approved as set forth in this Sale

Order.

2.    The findings of fact set forth above and conclusions of law stated herein shall

constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052,

made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any finding

of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent

any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

3.    All objections to the Sale Motion and all reservations of rights included therein

have been withdrawn or overruled on the merits.

### APPROVAL OF THE AGREEMENT

4.    The Agreement, all transactions contemplated therein and all of the terms and

conditions thereof are hereby approved.

AM 50316023.6

5.     Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, the Debtor is authorized and directed to perform its obligations under and comply with the terms of the Agreement and consummate the Sale, pursuant to and in accordance with the terms and conditions of the Agreement and this Sale Order.

6.     Debtor, and its officers, employees and agents, are authorized and directed to execute and deliver, and empowered to perform under, consummate and implement, the Agreement, in substantially the same form attached hereto as **Exhibit 2**, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement and to take all further actions as may be (a) reasonably requested by the Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to the Purchaser, or reducing to possession, the Property, (b) necessary or appropriate to the performance of the obligations contemplated by the Agreement, and (c) as may be reasonably requested by the Purchaser to implement the Agreement and consummate the Sale in accordance with the terms thereof, all without further order of the Court.

7.     This Sale Order and the Agreement shall be binding in all respects upon the Purchaser, the Debtor, any trustees appointed in the Debtor's bankruptcy case (whether under chapter 7 or chapter 11 of the Bankruptcy Code), all creditors (both known and unknown) of the Debtor, and its creditors, all interested parties and their successors and assigns including, but not limited to, any person or entity asserting an Encumbrance, and any non-debtor counterparty to one of the Assumed Contracts.

8.     Nothing contained in any chapter 11 plan confirmed in these bankruptcy cases, or any order confirming any such chapter 11 plan shall conflict with or derogate from the provisions of the Agreement and this Sale Order, and to the extent of any conflict or derogation

AM 50316023.6

between the Agreement and this Sale Order and any such future plans or orders, the terms of the Agreement and this Sale Order shall control.

### TRANSFER OF DEBTOR'S PROPERTY

9.      Pursuant to Sections 105(a), 363(b) and 363(f) of the Bankruptcy Code, the Debtor is authorized and directed to transfer the Property in accordance with the terms of the Agreement.  The Property shall be transferred to the Purchaser, and upon consummation of the Sale, such transfer shall (a) be valid, legal, binding and effective; (b) vest the Purchaser with all right, title and interest of the Debtor in the Property; and (c) be free and clear of all Encumbrances except for Permitted Exceptions with all Encumbrances to attach to the proceeds of the Sale, in the order of their priority and with the same validity, force and effect which they now have against the Property, subject to any claims and defenses the Debtor may possess with respect thereto.

10.     Except as otherwise provided in the Agreement, all persons and entities (and their respective successors and assigns) including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade and other creditors, holding Encumbrances (whether legal or equitable, secured or unsecured, matured or unmatured, known or unknown, contingent or non-contingent, senior or subordinated) except for Permitted Exceptions, arising under or out of, in connection with, or in any way relating to, the Debtor, the Property, or the transfer of the Property to the Purchaser, are hereby forever barred, estopped and permanently enjoined from asserting such Encumbrances against the Purchaser, its successors or assigns, its property or the Property.  No such persons or entities shall assert against the Purchaser or their successors in interest any liability, debt, claim or obligation arising from,

14

related to or in connection with the ownership or operation of the Property prior to the Closing, except for Assumed Liabilities and Permitted Exceptions.

11.    This Sale Order (a) shall be effective as a determination that, as of Closing, all Encumbrances other than Assumed Liabilities and Permitted Exceptions relating to the Property have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected, and (b) is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

12.    On or before the Closing Date, all parties holding or claiming Encumbrances against the Property, of any kind, are authorized and directed to execute such documents and take all other actions as may be necessary to release any Encumbrances, of any kind, against the Property, as such Encumbrances may have been recorded or may otherwise exist, with such Encumbrances attaching to the proceeds of the Sale, subject to any rights, claims and defenses of the Debtor.

13.    If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens* or other documents or agreements evidencing Encumbrances against or in the

Debtor or the Property shall not have delivered to the Debtor prior to the Closing of the Sale, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all interests which the person or entity has with respect to the Debtor or the Property or otherwise, then only with regard to the Property that is Purchased Assets pursuant to the Agreement and this Sale Order (a) the Debtor and the Purchaser are hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Property, and (b) the Purchaser is hereby authorized to file, register or otherwise record a certified copy of this Sale Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Encumbrances against the Property other than the Permitted Exceptions. This Sale Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state or local government agency, department or office.

14.    Debtor and the Purchaser are hereby authorized to execute and deliver such other documents, statements, instruments and notices which may be necessary or desirable to fully consummate the Agreement and the Sale.

15.    Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement and this Order.

16.    All persons or entities in possession of some or all of the Property are directed to surrender possession of such Property to the Purchaser or its designee at the time of Closing of the Sale.

AM 50316023.6

17. Following the Closing of the Sale, no holder of any Encumbrance shall interfere with the Purchaser's title to or use and enjoyment of the Property based on or related to any such Encumbrance, or based on any actions the Debtor may take in this chapter 11 case.

18. All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with the ability of the Debtor to transfer the Property to the Purchaser in accordance with the Agreement and this Sale Order.

19. To the extent provided by Section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the operation of the Property sold, transferred and conveyed to the Purchaser on account of the filing or pendency of these chapter 11 cases or the consummation of the Sale.

### ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS

20. Pursuant to Sections 105(a) and 365 of the Bankruptcy Code, the Debtor's assumption and assignment to the Purchaser of the Assumed Contracts listed on **Exhibit 3**, is hereby approved, and all requirements of Section 365 of the Bankruptcy Code are hereby deemed satisfied, absent a sustained objection from a counterparty to an Assumed Contract interposed in accordance with the procedures set forth below.

21. Any counter-party to the Assumed Contracts objecting to the Cure Amount or to the assignment of the Assumed Contract to the Purchaser (an "*Assignment Objection*") shall file an objection with the Court no later than June 18, 2015 (the "*Assumption Objection Deadline*").

22. The Court shall conduct a status hearing on June 23, 2015 at 10:30 a.m. Central Time to determine the status of any Assignment Objection and what, if any, further steps should be taken to resolve the objection.

17

23.     The Debtor shall serve all counter-parties to the Assumed Contracts with a copy of this Order no less than seven (7) days before the Assumption Objection Deadline.

24.     Absent a timely filed Assignment Objection, the Debtor is hereby authorized in accordance with Sections 105(a) and 365 of the Bankruptcy Code to assume and assign the Assumed Contracts to the Purchaser free and clear of all Encumbrances, and to execute and deliver to the Purchaser such documents or other instruments as may be necessary to assign and transfer the Assumed Contracts to the Purchaser.

25.     Absent a timely filed Assignment Objection, the Assumed Contracts shall be assigned to, and remain in full force and effect for the benefit of, the Purchaser in accordance with their respective terms, notwithstanding any provision in any such Assumed Contract (including those of the type described in Sections 365(e)(1) and (f) of the Bankruptcy Code) that prohibits, restricts or conditions such assignment or transfer.   There shall be no accelerations, assignment fees, increases or any other fees charged to the Purchaser or the Debtor as a result of the assumption or assignment of the Assumed Contracts.   No Assumed Contract may be terminated, or the rights of any party modified in any respect, including pursuant to any "change of control" clause, by any other party thereto as a result of the transactions contemplated by the Agreement.

26.     Absent a timely filed Assignment Objection, the Cure Costs under the Assumed Contracts arising or accruing prior to the date of this Sale Order are shown on **Exhibit 3**.  On or before the Closing (as defined in the Agreement), the Debtor is authorized to use the proceeds of the Sale, and is directed to, and therefore shall, pay all Cure Costs in accordance with the terms of this Sale Order and the Agreement, and Section 365 of the Bankruptcy Code.

AM 50316023.6

27.    Payment of the Cure Costs shall be a full and final satisfaction of any and all defaults by the Debtor under the Assumed Contracts, whether monetary or non-monetary or known or unknown. Each non-debtor party to an Assumed Contract hereby is forever barred, estopped and permanently enjoined from asserting against the Debtor or the Purchaser, their successors or assigns or the property of any of them, any default based on all known and unknown facts and circumstances existing as of the date of the Sale Hearing regardless of whether such default was raised or asserted prior to or at the Sale Hearing. Notwithstanding the foregoing and for the avoidance of doubt, all of the Debtor's rights to assert, and interests in, all credits, chargebacks, setoffs, recoupments, rebates and other claims under and/or relating to the Assumed Contracts are purchased by and assigned to the Purchaser, and are preserved for the Purchaser's benefit.

28.    The failure of the Debtor or the Purchaser to enforce at any time one or more terms or conditions of any Assumed Contract shall not be a waiver of such terms or conditions, or of the Debtor's and the Purchaser's rights to enforce every term and condition of the Assumed Contracts.

29.    Absent a timely filed Assignment Objection, upon the payment of the Cure Amounts, the Purchaser shall be fully and irrevocably vested with all right, title and interest of the Debtor in and to the Assumed Contracts.

30.    The assignments of each of the Assumed Contracts are made in good faith under Sections 363(b) and (m) of the Bankruptcy Code.

### ADDITIONAL PROVISIONS

31.    Except as expressly set forth in the Agreement and in this Sale Order, the Purchaser and its successors or assigns shall have no liability for any liability, claim (as that term

19

is defined in Section 101(5) of the Bankruptcy Code), interest or Encumbrance, interest or

encumbrance, damages or other obligation of or against the Debtor related to the Property by

reason of the transfer of the Property to the Purchaser. The Purchaser shall not be deemed, as a

result of any action taken in connection with the purchase of the Property, to: (a) be a legal

successor, or otherwise be deemed a successor to the Debtor or the Affiliated Debtors (other than

with respect to any obligations arising under the Assumed Contracts or the Starwood

Agreements from and after the Closing); (b) have, *de facto* or otherwise, merged with or into the

Debtor; (c) be a mere continuation or substantial continuation of the Debtor, or the enterprise of

the Debtor; or (d) have any liability whatsoever, other than the Assumed Liabilities, under any

theory of, without limitation, environmental, labor and employment, products or antitrust

liability, whether known or unknown at the Closing, now existing or hereafter arising, asserted or

unasserted, fixed or contingent, liquidated or unliquidated.

32.    Effective upon the Closing, all persons and entities are forever prohibited and

enjoined from commencing or continuing any action or proceeding, at law or in equity, against

the Purchaser, its affiliates, successors and assigns, or the Property, with respect to any

(a) Encumbrance other than the Permitted Exceptions, or (b) successor liability of the Purchaser

for any of the Debtors.

33.    Effective upon the Closing, no default shall exist under any of the Assumed

Contracts and no non-debtor counterparty to any of the Assumed Contracts shall be permitted to

declare a default by the Purchaser or otherwise take action against the Purchaser as a result of the

Debtor's financial condition, bankruptcy, or failure to perform any duty or obligation under any

of the Assumed Contracts.

AM 50316023.6

34.     While the Debtor's bankruptcy case, or any subsequent chapter 7 bankruptcy case of the Debtor, is pending, this Court shall retain jurisdiction to, among other things, interpret, enforce and implement the terms and provisions of this Sale Order and the Agreement, all amendments thereto, any waivers and consents thereunder (and of each of the agreements executed in connection therewith in all respects) and to adjudicate disputes related to this Sale Order or the Agreement.

31.     Nothing in this Sale Order or the Agreement releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under environmental statutes or regulations (or any associated liabilities for penalties, damages, cost recovery or injunctive relief) that any entity would be subject to as the owner or operator of the Property after the date of entry of this Sale Order.   Notwithstanding the foregoing sentence, nothing in this Sale Order shall be interpreted to deem the Purchaser as the successor to the Debtors under any state law successor liability doctrine with respect to any liabilities under environmental statutes or regulations for penalties for days of violation prior to entry of this Sale Order or for liabilities relating to off-site disposal of waste by the Debtor prior to entry of this Sale Order.

32.     No bulk sales law, or similar law of any state or other jurisdiction shall apply in any way to the transactions contemplated by the Agreement, the Sale Motion and this Sale Order.

33.     The transactions contemplated by the Agreement are undertaken by the Purchaser in good faith, as that term is used in Section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale to the Purchaser, unless such authorization is duly stayed pending such appeal.

AM 50316023.6

34.    The terms and provisions of the Agreement and this Sale Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates and their creditors, the Purchaser, and their respective affiliates, successors and assigns, and any affected third parties including, but not limited to, all persons asserting claims in the Property to be sold to the Purchaser pursuant to the Agreement, notwithstanding any subsequent appointment of any trustee, examiner or receiver under any chapter of the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such trustee (whether under chapter 7 or chapter 11 of the Bankruptcy Code), examiner or receiver and shall not be subject to rejection or avoidance by the Debtor, its estate, its creditors, its shareholders or any trustee, examiner or receiver.

35.    The failure specifically to include any particular provisions of the Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

36.    The Agreement, and any related agreements, documents or other instruments, may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not materially change the terms of the Agreement.

37.    The title company for the Sale for The 800 Building is authorized to make the following disbursements from the proceeds of the Sale at the Closing, subject to ordinary and reasonable adjustments at the time of the Closing:

- To Republic Bank of Chicago in the amount of $15,463,927.71, as set forth in the letter attached hereto as **Exhibit 4**, and subject to *per diem* adjustments as set forth therein;

- To International Bank of Chicago in the amount of $472,380.99, as set forth in the letter attached hereto as **Exhibit 5**, and subject to *per diem* adjustments as set forth therein;

- Transfer taxes to the Clerk of Jefferson County, Kentucky, in the amount of approximately $20,650.00;

- Commonwealth Land / First American Title Insurance Company, in the amount of approximately $121,931.25; and

- Such other ordinary and customary seller closing costs necessary to close the Sale.

38.    In the event that there is a direct conflict between the terms of this Sale Order and the Agreement, the terms of this Sale Order shall control.

39.    As provided by Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure, this Sale Order shall not be stayed for 14 days after the entry of the Sale Order and shall be effective immediately upon entry, and the Debtor and the Purchaser are authorized to close the Sale immediately upon entry of this Sale Order.

AM 50316023.6

Enter:

_____
United States Bankruptcy Judge

Dated:    JUN - 9 2015

**Prepared by:**
David J. Fischer
Phillip W. Nelson
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: 312-201-2000
Facsimile: 312-201-2555
david.fischer@lockelord.com
phillip.nelson@lockelord.com

AM 50316023.6