**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 Reorganization |
| THE 800 BUILDING, LLC,[1] | Case No. 15-17314 |
| Debtor. | Hon. Jacqueline P. Cox |

**NOTICE OF MOTION**

TO: See attached Service List

     **PLEASE TAKE NOTICE** that on **Thursday, December 10, 2015 at 9:30 a.m. Central Time**, or as soon thereafter as counsel may be heard, the undersigned will appear before United States Bankruptcy Judge Jacqueline P. Cox, or any other judge sitting in her stead, in Courtroom 680 in the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and then and there present the attached *Application for Final Compensation of Fees and Expenses of Wyatt, Tarrant & Combs, LLP As Special Counsel to the Debtor*, a copy of which is hereby served upon you, at which time and place you may appear as you see fit.

Dated: November 19, 2015

                                         Respectfully submitted,

                                         */s/ Mary L. Fullington*
                                         Mary L. Fullington
                                         Daniel I. Waxman
                                         Michael B. Vincenti
                                         WYATT, TARRANT & COMBS, LLP
                                         250 West Main Street, Suite 1600
                                         Lexington, Kentucky  40507-1746
                                         Telephone:  (859) 233-2012
                                         Facsimile:  (859) 259-0649
                                         E-mail:  Lexbankruptcy@wyattfirm.com

                                         **SPECIAL COUNSEL TO THE DEBTOR**

---

[1] Pursuant to 11 U.S.C. § 342(c)(1), the last four digits of the Debtor's federal tax identification number are: 2596.  The location of the Debtor's place of business is 800 South 4th Street, Louisville, Kentucky 40202, and its address for notice purposes is 1016 West Hollywood Avenue, Chicago, Illinois 60660, Attn: Leon Petcov, Manager.

AM 56324269.1

## Service List

**Via First Class U.S. Mail**

| | |
|---|---|
| 2006 Heyburn Building, LLC<br>Attn:  Leon Petcov, Manager<br>332 W. Broadway<br>Louisville, KY  40203 | Chase Environmental Group, Inc.<br>Attn: Michael Mills, Reg'd Agent<br>11450 Watterson Ct.<br>Louisville, KY  40299 |
| Commercial Management, LLC<br>Attn:  Leon Petcov, Manager<br>332 W. Broadway, Ste. 201<br>Louisville, KY  40203 | Department of the Treasury<br>Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA  19101-7346 |
| Evens Time, Inc.<br>Attn: Earl Mullins Jr., Reg'd Agent<br>1012 South Forth St.<br>Louisville, KY  40203 | Fine Homes, LLC<br>Attn: Alex Loyfman, Reg'd Agent<br>4117 W. Oakton<br>Skokie, IL  60076 |
| International Bank of Chicago<br>Attn: John Benson, Exec. VP & COO<br>1210 Central Avenue<br>Wilmette, IL  60091 | IPFS Corporation<br>Attn: Corp. Service Co., Reg'd Agnt<br>421 W. Main Street<br>Frankfort, KY  40601 |
| JBS & Assocs. Accnts and Consltants<br>Attn: Jeffrey B. Stolberg, Pres.<br>3700 W. Devon Ave., Ste. E<br>Lincolnwood, IL  60712 | Kentucky Department of Revenue<br>Legal Branch - Bankruptcy Section<br>P.O. Box 5222<br>Frankfort, KY  40602 |
| Louisville Gas & Electric<br>P.O. Box 9001960<br>Louisville, KY  40290-1960 | Louisville Water Company<br>Attn: Barbara Dickens, Reg. Agnt<br>550 S. 3rd St.<br>Louisville, KY  40202 |

AM 56324269.1

Matherly Land Consultants, PPLC
Attn: Al Matherly, Reg'd Agent
1302 Tycoon Way
Louisville, KY  40213

Rentpath, Inc.
Attn. C T Corp. Sys., Reg'd Agent
1201 Peachtree St, NE
Atlanta, GA  30361

Republic Bank of Chicago
Attn: Loan Operations
2221 Camden Ct., Fl. 1
Oak Brook, IL  60523

Rumpke of Kentucky, Inc.
Attn: C T Corp. Sys., Reg'd Agent
306 W. Main St., Suite 512
Frankfort, KY  40601

The Murphy Elevator Co.
Attn: D. Gregory Carlisle, Reg. Agt
128 E. Main St.
Louisville, KY  40202

Tikijian Associates
Attn: George Tikijian, President
3755 E. 82nd St., Ste. 265
Indianapolis, IN  46240

Wyatt, Tarrant & Combs, LLP
Attn: Michael Vincenti, Partner
500 W Jefferson St., Ste. 2800
Louisville, KY  40202

Louisville Gas & Electric
Attn: Registered Agent
220 West Main Street
Louisville, KY  40202

800 City Apartments LLC
c/o Jonathan R. Borenstein, Partner
Honigman Miller Schwartz and Cohn LLP
39400 Woodward Avenue, Suite 101
Bloomfield Hills, MI  48304-5151

International Bank of Chicago
C/O: Michael Lee Tinaglia &
J. Molly Wretsky
Law Offices of Michael Lee Tinaglia
444 N. Northwest Hwy., Suite 350
Park Ridge, Illinois 60068

1st Equity Bank Northwest
C/O: Daniel Lynch & Amy Hansen
Lynch Stern Thompson LLP
150 South Wacker Drive, Suite 2600
Chicago, Illinois 60606

Office of the United States Trustee
Attn: Kathryn M. Gleason
219 S. Dearborn St., Room 873
Chicago, Illinois 60604

AM 56324269.1

Fine Homes, LLC
C/O: Richard E. Steck & Jody Rosenbaum
Richard E. Steck & Associates
140 S. Dearborn St., Suite 1610
Chicago, Illinois 60603

Fine Homes, LLC
C/O: Michael A. Valenti
Valenti Hanley & Robinson, PLLC
401 W. Main St., Ste. 1950
Louisville, Kentucky 40202

Fine Homes, LLC
C/O: Daniel J. Voelker
Voelker Litigation Group
311 West Superior St., Ste. 500
Chicago, Illinois 60654

Fine Homes, LLC
C/O: Gregory J. Jordan
Jordan & Zito LLC
55 West Monroe Street, Suite 3600
Chicago, Illinois 60603

Illinois Department of Revenue
Bankruptcy Section
P.O. Box 64338
Chicago, Illinois 60664-0338

U.S. Environmental Protection Agency
Richard L. Nagle – Bankruptcy Contact
US EPA Region 5
Mail Code: C-14J
Chicago, Illinois 60604

Kentucky Department of Environmental
Protection
c/o Ron Lovitt, Supervisor
Division of Waste Management
200 Fair Oaks Lane
Frankfort, Kentucky 40601

United States Attorney's Office
Northern District of Illinois,
Eastern Division
219 S. Dearborn St., 5th Floor
Chicago, Illinois 60604

Attorney General of Kentucky
700 Capitol Avenue, Suite 118
Frankfort, Kentucky 40601-3449

AM 56324269.1

**Via Electronic Case Filing System Service**

- Judy B Calton on behalf of Creditor 800 City Apartments, LLC
  jcalton@honigman.com

- Edward P. Freud on behalf of Creditor Republic Bank of Chicago
  epfreud@rfbnlaw.com

- Mary L Fullington on behalf of Creditor Wyatt, Tarrant & Combs, LLP
  lexbankruptcy@wyattfirm.com

- Gregory J Jordan on behalf of Creditor Fine Homes LLC
  gjordan@jz-llc.com

- Patrick S Layng
  USTPRegion11.ES.ECF@usdoj.gov

- Daniel F Lynch on behalf of Other Prof. 1st Equity Bank Northwest
  dlynch@lstllp.com, docketing@lstllp.com

- Phillip W. Nelson on behalf of Debtor The 800 Building, LLC
  phillip.nelson@lockelord.com, karen.soto@lockelord.com; ChicagoDocket@lockelord.com

- Michael Lee Tinaglia on behalf of Creditor International Bank of Chicago
  mltinaglia@tinaglialaw.com, jmwretzky@tinaglialaw.com

- Mark R Zito on behalf of Creditor Fine Homes LLC
  mzito@jz-llc.com

- Amy J. Hansen on behalf of Creditor 1st Equity Bank Northwest
  ahansen@lstllp.com

**Certificate of Service**

      I, Mary L. Fullington, an attorney, certify that, as of the date hereof, I caused a copy of (a) the foregoing *Notice of Motion* and (b) the related *Application for Final Compensation of Fees and Expenses of Wyatt, Tarrant & Combs, LLP As Special Counsel to the Debtor* to be served on the foregoing Service List via first class U.S. mail and via the Court's ECF System on those parties entitled to electronic service.

Date: November 19, 2015

                                        Respectfully submitted,

                                        */s/ Mary L. Fullington*
                                        Mary L. Fullington
                                        Daniel I. Waxman
                                        Michael B. Vincenti
                                        WYATT, TARRANT & COMBS, LLP
                                        250 West Main Street, Suite 1600
                                        Lexington, Kentucky  40507-1746
                                        Telephone:  (859) 233-2012
                                        Facsimile:  (859) 259-0649
                                        E-mail:  Lexbankruptcy@wyattfirm.com

                                        **SPECIAL COUNSEL TO THE DEBTOR**

AM 56324269.1

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| THE 800 BUILDING, LLC | ) | Bankruptcy No. 15-17314 |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| | ) | Hon. Jacqueline Cox |

**COVER SHEET FOR APPLICATION FOR FINAL COMPENSATION
OF FEES AND EXPENSES OF WYATT, TARRANT & COMBS, LLP
AS SPECIAL COUNSEL TO THE DEBTOR**

| | |
|---|---|
| Name of Applicant: | Wyatt, Tarrant & Combs, LLP |
| Authorized to Provide Professional Services to: | The 800 Building, LLC |
| Date of Order Authorizing Employment: | August 25, 2015 (*nunc pro tunc*) |
| Period for Which Compensation is Sought: | May 15, 2015 – Sept. 11, 2015 |
| Amount of Fees Sought: | $38,879.50[1] |
| Amount of Expense Reimbursement Sought: | $147.91 |
| This is a: | Final Application |

**NO PRIOR APPLICATIONS FILED.**

Dated: November 19, 2015

Respectfully submitted,

 /s/ Mary L. Fullington
Mary L. Fullington
Daniel I. Waxman
Michael B. Vincenti
WYATT, TARRANT & COMBS, LLP
250 West Main Street, Suite 1600
Lexington, Kentucky 40507-1746
Telephone: (859) 233-2012
Facsimile: (859) 259-0649
E-mail: Lexbankruptcy@wyattfirm.com

**SPECIAL COUNSEL TO THE DEBTOR**

61396373.1

---

[1] As an accommodation to the Debtor, WTC voluntarily agreed to reduce the requested amount of fees and expenses by $15,000. The actual fees earned totaled $53,879.50.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| THE 800 BUILDING, LLC | ) | Bankruptcy No. 15-17314 |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| | ) | Hon. Jacqueline Cox |

**APPLICATION FOR FINAL COMPENSATION OF FEES AND EXPENSES OF WYATT, TARRANT & COMBS, LLP AS SPECIAL COUNSEL TO THE DEBTOR**

Wyatt, Tarrant & Combs, LLP ("WTC"), as special counsel to The 800 Building, LLC (the "Debtor"), submits this Application for Final Compensation of Fees and Expenses of Wyatt, Tarrant & Combs, LLP as Special Counsel to the Debtor (the "Application") and in support of its Application, respectfully states as follows:

**RELIEF REQUESTED**

1. By this Application, WTC respectfully requests that the Court enter an order, pursuant to §§ 327(e), 330, and 331 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5082-1 of the Local Rules of Bankruptcy Practice and Procedure for the Northern District of Illinois (the "Local Rules"), (a) allowing, on a final basis, WTC's actual, reasonable and necessary fees earned and expenses incurred from May 15, 2015 to September 11, 2015 (the "Compensation Period") in the aggregate amount, after giving effect to a voluntary reduction $15,000 in fees as agreed to between WTC and the Debtor, of $39,027.41 (the "Total Fees and Expenses"); and (b) authorizing and directing the Debtor to pay to WTC the Total Fees and Expenses, in accordance with the Retention Order (as defined below) and all other applicable orders of this Court.

## JURISDICTION

2. The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. Venue in this Court is proper under 28 U.S.C. § 1408.

4. The statutory predicates for the relief requested herein are sections 327(e), 330, and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, Rule 5082-1 of the Local Rules.

## BACKGROUND

5. On May 15, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

6. The Debtor is an Illinois limited liability company that, as of the Petition Date, owned, among other things, a 29 story, 246 unit, residential apartment building with a street address of 800 South 4th Street, Louisville, Kentucky ("The 800 Building").

7. On May 21, 2015, the Court approved procedures for conducting the marketing and sale of The 800 Building and on June 9, 2015, the Court approved the sale of The 800 Building to the stalking horse purchaser, 800 City Apartments, LLC. The Debtor consummated the sale of The 800 Building on June 16, 2015, yielding net proceeds of approximately $4.3 million.

8. On August 25, 2015, the Court entered the Order Authorizing the Debtor to Retain and Employ Wyatt, Tarrant & Combs, LLP as Special Counsel for the Debtor Nunc Pro Tunc to the Petition Date (the "Retention Order").

9. WTC was retained, pursuant to § 327(e) of the Bankruptcy Code, in order to serve as the Debtor's Kentucky real estate counsel in connection with the sale of The 800 Building.

2

## **REQUEST FOR FINAL ALLOWANCE OF FEES AND EXPENSES**

### **Legal Standard**

10. Bankruptcy Code § 330 authorizes courts to award professional persons employed pursuant to Bankruptcy Code § 327 reasonable compensation for the actual and necessary services rendered by such professional persons and any paraprofessional person employed by such persons. 11 U.S.C. § 330. In addition, courts may also award reimbursement for actual and necessary expenses incurred by such professional persons. *Id.*

11. Bankruptcy Code § 330(a)(3) states the following with respect to a court's determination of a fee application:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under Chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including -
>
> (A)   the time spent on such services;
>
> (B)   the rates charged for such services;
>
> (C)   whether the services were necessary to the administration of, or beneficial at the time service was rendered toward the completion of, a case under this title;
>
> (D)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;
>
> (E)   with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

3

12. Pursuant to § 330(a)(1)(A) of the Bankruptcy Code, courts may award a professional "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A).

### Summary of Services Rendered

13. During the Compensation Period, WTC rendered professional services on behalf of the Debtor. WTC provided its services with the requisite level of skill and performed those services within a reasonable amount of time commensurate with the complexity, importance, and nature of the problems, issues and tasks addressed. Pursuant to this Application, WTC is requesting final allowance of $38,879.50 in fees and reimbursement of $147.91 in expenses.

14. WTC earned an aggregate total of $53,879.50 in fees, reflecting 134.40 hours expended by WTC professionals and paraprofessionals during the Compensation Period. As an accommodation to the Debtor, however, WTC has agreed to voluntarily reduce the amount of fees it is requesting by $15,000. WTC therefore seeks the total fee of $38,879.50 pursuant to this Application. The hourly rates and corresponding rate structure are equivalent to those used by WTC professionals and paraprofessionals in comparable matters outside of the bankruptcy context.

15. The following table consists of a breakdown of the amount of fees incurred due to the services rendered by each WTC professional or paraprofessional, including each such person's position and year admitted to the practice of law (if applicable), department, hourly rate, total hours expended in providing services to the Debtor and the value attributable to such services.

| Professional | Position | Admitted | Department | Rate | Hours | Total |
|---|---|---|---|---|---|---|
| Michael Vincenti | Partner | 1975 | Real Estate | $440 | 108.80 | $47,872.00 |
| David Calhoun | Partner | 1996 | Litigation | $410 | 00.50 | $205.00 |
| Daniel Waxman | Partner | 2008 | Bankruptcy | $310 | 4.70 | $1457.00 |
| Terri Woolfolk | Paralegal | N/A | N/A | $195 | 01.40 | $273.00 |

4

| Elizabeth Tedesco | Paralegal | N/A | N/A | $215 | 18.50 | $3,977.50 |
|---|---|---|---|---|---|---|
| Beth Friedman | Paralegal | N/A | N/A | $190 | 00.50 | $95.00 |
| | | | | | **$134.40** | **$53,879.50** |
| | | | | | **Total After Discount** | **$38,879.50** |

16.     Due to WTC's role as special counsel for a specific purpose, the standard division of services into task codes or matters is not practical.  The vast majority of WTC's fees ($47,318.50) relate directly to the sale of The 800 Building, including, but not limited to, the negotiation, preparation, and recording of sale / closing and other ancillary documents.  The remaining $6,561.00 of WTC's fees relate to the preparation of its employment application and this Application.  A detailed description of the services rendered and expenses incurred by WTC in its representation of the Debtor as special real estate counsel during the Compensation Period is attached hereto as **Exhibit A**.

17.     The foregoing professional services rendered by WTC on behalf of the Debtor during the Compensation Period were reasonable, necessary and appropriate.  As previously disclosed by the Debtor, the primary purpose of this chapter 11 case was to finalize and consummate the sale of The 800 Building.  WTC's services were essential in accomplishing this stated goal, which realized more than $4.3 million for the Debtor's bankruptcy estate.  Accordingly, WTC respectfully submits that approval and payment of the compensation sought by WTC herein is warranted and should be granted.

**Actual and Necessary Expenses Incurred**

18.     WTC has incurred a total of $147.91 in expenses on behalf of the Debtor during the Compensation Period.  These charges, which include the cost of photocopies, federal express charges, filing fees and certificates, were billed to the Debtor at the actual amounts assessed by

5

third parties and do not include reimbursement for any of WTC's overhead or operating costs. A specific listing of the expenses is included in the fee statement attached hereto as **Exhibit A**, Accordingly, WTC respectfully submits that approval and payment of the expense reimbursement sought by WTC herein is warranted and should be granted.

## Conclusion

19. Giving due consideration to the nature of the services rendered, the size of the case, the legal complexities encountered, the specific role for which WTC was retained, WTC's experience, WTC's normal and customary hourly rates for similar services, the results achieved on behalf of the Debtor, the fees and expenses for which compensation and reimbursement are sought in this Application are actual, reasonable and necessary costs. WTC has added value to the administration of this Chapter 11 case and has efficiently performed the tasks requested by the Debtor and previously approved by this Court in the Retention Order.

## PROPOSED SOURCE OF PAYMENT

20. WTC seeks payment of the Total Fees and Expenses from estate funds in accordance with the Retention Order and subject to the priorities set forth the Bankruptcy Code. Upon information and belief, there are sufficient estate funds available for payment of the Total Fees and Expenses.

## NOTICE

21. As of the date hereof, the Debtor has provided notice of this Application by first class U.S. mail to: (a) the Office of the United States Trustee; (b) counsel to the Debtor's prepetition secured creditors; (c) all of the Debtor's other known creditors; (d) the Internal Revenue Service; (e) the Illinois Department of Revenue; and (f) any entity that has filed a

6

request for notice in the above-captioned case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, WTC respectfully submits that no further notice is necessary.

## NO PRIOR REQUEST

22. No prior application for the relief requested herein has been made on this or any other court.

WHEREFORE, WTC respectfully requests that the Court enter an order: (a) granting the Application; (b) allowing, on a final basis, WTC's actual, reasonable and necessary fees earned and expenses incurred during the Compensation Period in the aggregate amount, after giving effect to a voluntary reduction of $15,000 in fees as agreed to between WTC and the Debtor, of $39,027.41; (c) authorizing and directing the Debtor to pay to WTC the Total Fees and Expenses, in accordance with the Retention Order and all other applicable orders of this Court; and (d) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

 */s/ Mary L. Fullington*
Mary L. Fullington
Daniel I. Waxman
Michael B. Vincenti
WYATT, TARRANT & COMBS, LLP
250 West Main Street, Suite 1600
Lexington, Kentucky 40507-1746
Telephone: (859) 233-2012
Facsimile: (859) 259-0649
E-mail: Lexbankruptcy@wyattfirm.com

**SPECIAL COUNSEL TO THE DEBTOR**

61395712.1